UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy H. Causey, #172046,<br>      Plaintiff,<br><br>v.<br><br>John Palmer,<br>Kevin Borem,<br>Brent Blakeley,<br>Joseph Perks,<br>Jonathan Thomas,<br>Coata Kimbrell,<br>David Chandler,<br>Travis Pressley,<br>John Doe #2,<br>      Defendants. | Civil No. 4:20-1724-BHH-TER<br><br><br>**ORDER** |

This is a civil action filed by a state prisoner. On May 15, 2020, the Court authorized service on all Defendants, and summonses were issued. (ECF No. 10.) Summonses returned executed on all Defendants except John Doe #1 and John Doe #2. (ECF Nos. 20, 21.) On June 22, 2020, Plaintiff identified via USM-285 one of the Doe Defendants as Travis Pressley, as one of the two transportation offices involved in Plaintiff's allegations. (ECF Nos. 23, 24.) Service was authorized again only on Defendant Pressley. (ECF No. 26.)

In the prior order on May 15, 2020, Plaintiff was informed:

> While service is authorized and summonses are being issued for the two Doe Defendants, Plaintiff is put on notice of the obligation to provide more identifying information. Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 90 days after the Complaint is filed, this Court may dismiss an action without prejudice as to that Defendant. Case law interpreting Rule 4(m) or its predecessor, Rule 4(j), has held that a complaint must be dismissed, absent a showing of good cause, of the complaint is not served within 90 days after it is filed. *See Mendez v. Elliot*, 45 F.3d 75, 78-80 (4th Cir. 1995) (collecting cases). **As a result, Plaintiff must be mindful of this**

> **time limitation and be diligent in obtaining further identifying information and submitting further service documents for the two Doe Defendants in this action.**

(ECF No. 10).

In the July 6, 2020 order, Plaintiff was informed:

> Ninety days runs on the summons of John Doe#2 on August 4, 2020. Plaintiff must identify Defendants properly and submit further service documents in order for service to be completed, and if not, as addressed above, such Defendant is subject to dismissal. Plaintiff is the sole person responsible for providing information sufficient to identify Defendants and the United States Marshal cannot serve inadequately identified defendants. Accordingly, Plaintiff is hereby **directed to provide to the Clerk of Court, within twenty-one days (21) days of the date of this Order, updated service forms with more specific identifying information for Defendant John Doe #2 should Plaintiff desire to attempt service upon this Defendant again.** Plaintiff is hereby warned that if he does not respond to this Order and/or does not provide a new summons and Form USM-285 for Defendant John Doe #2 with additional identifying information, **Defendant John Doe #2 may be dismissed without prejudice.**

(ECF No. 26) (emphasis in original).

Plaintiff has not complied with the July order and has not provided further identifying information regarding Defendant John Doe#2. While the USMS is to make reasonable efforts to serve identified defendants, such obligation only arises once an inmate-plaintiff has properly identified the defendant. *See Shirley v. Staubs*, No. 20-6210, 2020 WL 4037633, at *1 (4th Cir. July 17, 2020) (unpublished) (*citing Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990), and *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010)).

Plaintiff's lack of an appropriate response indicates an intent to not prosecute this case against Defendant John Doe#2 and subjects this defendant to dismissal. *See* Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (finding

dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (indicating that court may dismiss *sua sponte*). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Id.* In considering whether to dismissal is appropriate pursuant to Rule 41(b), the court is required to consider four factors:

    (1) the degree of plaintiff's responsibility in failing to respond;

    (2) the amount of prejudice to the defendant;

    (3) the history of the plaintiff in proceeding in a dilatory manner; and,

    (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

Here, Plaintiff is proceeding *pro se* and is entirely responsible for his actions. It is solely through Plaintiff, and not that of an attorney, that Plaintiff has not provided additional, appropriate information in order to complete service on Defendant John Doe#2. Plaintiff was previously warned that: "The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff." The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31

(1962).

  Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 90 days after the complaint is filed, this Court may dismiss an action without prejudice as to that particular defendant.  Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good cause is shown if a Defendant is not served within the days provided by the rule.  Service of the Complaint as to John Doe#2 was due by August 4, 2020, and has not been completed.

  Accordingly, Defendant John Doe#2 is dismissed from this action without prejudice pursuant to Rule 41(b), or in the alternative under Rule 4 of the Federal Rules of Civil Procedure.

  **IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

August 6, 2020  
Charleston, South Carolina