UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JIMMY H. CAUSEY, | ) | C/A No. 4:20-1724-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JOHN PALMER, | ) | |
| KEVIN BOREM, | ) | |
| BRENT BLAKELY | ) | |
| JOSPEH PERKS, | ) | |
| JONATHAN THOMAS, | ) | |
| COATA KIMBRELL, | ) | |
| DAVID CHANDLER, | ) | |
| TRAVIS PRESSLEY, | ) | |
| JOHNNIE MITCHELL, | ) | |
| TRACY HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed *pro se* by Jimmy H. Causey ("Plaintiff"). This matter is currently before the court on Plaintiff's Motions to Compel. (ECF Nos. 77 and 90). In each of the motions, Plaintiff does not deny that the Defendants responded to the discovery but argues that the answers were not sufficient. The court has reviewed the motions and the responses.

The court notes that the parties in discovery must abide by Rule 26 of the Federal Rules of Civil Procedure. Specifically,

(b) Discovery Scope and Limits.

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26.

**ECF No. 77**

In the Motion to Compel (ECF #77), Plaintiff requests the court to compel Defendants to respond to certain Requests to Produce. The Defendants filed a response in opposition. Plaintiff set out the unnumbered requests and the Defendants' responses in his motion. In the Defendants' response to the Motion to Compel, Defendants set forth the corresponding numbers which the court will use in discussing this motion. The Requests will be addressed below.

In Request #5, Plaintiff requested the "Use of Force" policy. The Defendants objected stating that it was a restricted policy. In his Motion to Compel, Plaintiff argues that he has alleged that the Defendants violated the Use of Force policy and that he cannot show a jury that the Defendants violated the policy without having possession of the policy. Plaintiff requests an in-camera review by the Court.

In response to the Motion, Defendants argue that the Use of Force policy is

2

restricted in that it addresses how SCDC responds where force is required and how officers are to respond. Defendants stated that production of information requested by the Plaintiff would create a security risk as the policy requested is restricted and not accessible by inmates for security reasons because release of restricted policies to an inmate would constitute a security breach that could potentially endanger correctional officers and other inmates in situations throughout the state.  However, Defendants stated they would consent for an in-camera review by the Court upon request by the Court.

As courts in this district have held, "[t]he failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." Johnson v. S.C. Dep't of Corrections, No. 06–2062, 2007 WL 904826, at *12 (D.S.C. Mar.21, 2007) (citing United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1978)); see also  Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990) (if state law grants more procedural rights that the Constitution requires, a state's failure to abide by that law is not a federal due process issue). However, this  court directs  Defendants' attention to Brooks v. Johnson, 924 F.3d 104, 121-122 (4thCir. 2019), which held "relevant use-of-force policies are routinely considered in excessive-force litigation, including litigation that arises in the

prison context." Id. at 122.[1]  Plaintiff in this action has made allegations of excessive

force.  This court finds the ruling in Brooks may be applicable to this Request for

Production.  Therefore, the motion with respect to this request for production is

---

[1]Specifically, the Fourth Circuit in Brooks held the following with regard to the use-of-force policy:

> As detailed above, Brooks's Eighth Amendment claim turns on a question of subjective intent: Johnston violated the Eighth Amendment if she intended to cause harm *122 maliciously, but not if she acted in good faith. See Whitley, 475 U.S. at 320–21, 106 S.Ct. 1078. As our cases make clear, whether an officer has complied with or, alternatively, violated a relevant use-of-force policy, while not dispositive, is highly relevant to that inquiry. Adherence to a policy, we have explained, "provide[s] powerful evidence that the application of force was tempered and that the officers acted in good faith." Williams, 77 F.3d at 766. So if Detention Center policy calls for the use of a taser to induce inmates to cooperate in efforts to take their pictures, or in similar circumstances more broadly defined, then that would support the officers' contention that Johnston acted in a good faith effort to enforce discipline. See id. If, on the other hand, Johnston was acting in contravention of an applicable use-of-force policy when Brooks was subjected to three taser shocks, then that would tend to suggest the opposite: that she applied force in bad faith and with punitive intent. See Iko, 535 F.3d at 240 (relying in part on violation of "Use of Force Directive" to support inference that pepper spray was administered for improper and malicious purpose); Orem, 523 F.3d at 447 (relying in part on violation of taser policy to support inference that taser was deployed maliciously).
>
> Nor are we persuaded by the magistrate judge's apparent rationale that requests for use-of-force policies typically are denied for security reasons. As demonstrated by Williams, Iko, and Orem — along with numerous other cases cited by Brooks — relevant use-of-force policies routinely are considered in excessive-force litigation, including litigation that arises in the prison context.

Brooks v. Johnson, 924 F.3d 104, 121–22 (4th Cir. 2019)

4

granted as set forth below.[2] Defendants should respond to this request in accordance with <u>Brooks</u> within thirty days of the date of this order.[3]

In Request # 6, Plaintiff requested the name, number and current location of all inmates who were being housed on Z-wing, Delta Dorm on 9/27/19.[4] In the Motion, Plaintiff asserts that the Defendants failed to disclose their current locations. Defendants responded to the motion asserting that they did provide the names and SCDC numbers of the inmates. However, Defendants listed the names, numbers and location of six people in their response. Therefore, the Defendants have responded to this Request and the Motion to Compel in regard to this request is denied as moot.

In Request #7, Plaintiff asked for the name, number and current location of the inmate who was transported with him on 9/27/19. Defendants responded to the motion and identified and provided the name of the inmate and his inmate number, as well as his current location. Therefore, the Defendants have responded to this request and that Motion to Compel with regard to this request is denied as moot.

---

[2] "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." <u>See</u> Fed.R.Civ.P. 34(b)(2)(C).

[3] Defendants may redact any portion of any part of the policy produced to the extent necessary for security concerns but should include in their response an explanation sufficiently descriptive to inform why the redaction was necessary.

[4] In the motion and responses, the date is refereed to as September 27, 2019, in some places and September 27, 2020, in others by both parties. It is believed that this is a scrivener's error and the date is meant to be September 27, 2019, which is the date Plaintiff has alleged the incident occurred. Therefore, for purposes of this order, the date is referred to as 2019.

In Request # 8, Plaintiff requested all grievances filed on the Defendants for claims of "Excessive use of Force" during the time in which they have been employed at Perry CI.  In the motion, Plaintiff argues that the Defendants stated that the request was overly broad, unduly burdensome, and not relevant. However, Plaintiff argues that the request is relevant and needed to show that this is common for these Defendants. In response to the Motion to Compel, Defendants argue that the request is overly broad, unduly burdensome, and seeks information that is not relevant. Defendants argue that Plaintiff lists seven Defendants from Perry Correctional and at least one of these has been employed since 2010 and the time frame is excessive and overly broad. Further, Defendants object to arguing that it is unduly burdensome because the inmate grievances are not maintained by the nature of their issue or complaint or as to the individual about whom they are complaining. Thus, Defendants assert that in order to comply with the Request, they would be required to review all inmate grievances of every SCDC inmate who has been incarcerated at Perry during the time Defendants have been employed (2010) to determine if they referenced the named Defendants in any grievance. Defendants assert that there are currently 780 inmates at Perry which is slightly lower than prior years but that, even assuming 800 inmates, that would be over 8000 inmates since 2010.[5] Additionally, Defendants argue

---

[5] This court finds it unlikely that a portion of these inmates were not incarcerated for multiple years. Nonetheless, this would clearly involve multiple thousands during this inmate's time frame.

that even if there is an average of 800 inmates, inmates are transferred into and out of the institution on a daily basis and there were 1455 grievances filed at Perry just in 2019. Defendants assert that the request is incredibly burdensome and would take an untold amount of time for them to obtain the information. Lastly, Defendants object that the requested information is not relevant or likely to lead to the discovery of relevant or admissible information because, the fact that one of the named Defendants was mentioned in a grievance concerning alleged excessive use of force five or ten years prior is not relevant to the action especially if the grievance was determined to be unfounded. Also, the fact that another inmate accused one of the defendants excessive force years ago, it would not be admissible and would unduly prejudice Defendants.

This Request is granted to the extent Defendants are to produce the records for the past twenty-four months that show that any named Defendant was found to have committed excessive force. Defendants are to produce these records within thirty days from the date of this order.

In Request # 9, Plaintiff requested the Video footage from 9/27/19, the date he arrived at Perry CI." Defendants objected to providing Plaintiff a copy of the video relating to the September 27, 2019, incident at Perry asserting Plaintiff has no means by which to view the video and there could be security concerns by Plaintiff having

a DVD in his possession. However, Defendants responded to the motion asserting that they had previously informed Plaintiff "to write a Request to Staff to Linda Hudson who would arrange for Plaintiff to listen to and watch the video."  Defendants responded that they would change this prior response to instruct now write to associate Warden Palmer who will arrange for him to view the videos" It is noted that in Plaintiff's Motion to Compel ECF #90, Plaintiff states that he was allowed to view the video, albeit argues he was not allowed to see the full video which will be addressed below.

This Motion to Compel with regard to this Request is denied as moot in that Plaintiff was allowed to view the video.

In Request # 10, Plaintiff requested "Dispositions on all lawsuits filed on the named defendants." Defendants objected to the Request on the grounds that it was overly broad, unduly burdensome, and seeks information that is not relevant. Defendants argue that the SCDC receives approximately 230 inmate lawsuits each year that are directed against SCDC directly or against employees of SCDC or in many instances both so that it would require review of at least 2,300 lawsuits. Further, Defendants argue that it is overly broad in that it is not limited as to time or subject matter.

Defendants' response is that SCDC receives a certain number of lawsuits per

year. This discovery was directed to the named Defendants not the SCDC. However, the request seeks *all* lawsuits filed on the named Defendants. See Rule 34(b)(1)(A) which requires request to describe with reasonable particularity each item or category of items to be produced. This Request is overly broad as it contains no date restriction, subject matter restriction, and fails to set forth any parameters. Therefore, the Motion to Compel with respect to this Request is denied.

In Request # 2 from Plaintiff's Second Request to Produce states, he requests "complete records of Plaintiff including electronic records and Wardens Jacket." Defendants objected arguing overly broad and that it seeks information not relevant to the action. In the Motion to Compel, Plaintiff argues that the records are relevant to his excessive use of force claim because they will show that he does not have an assaultive history towards inmates or prison staff while in SCDC.

In response to the Motion, Defendants argue that Plaintiff was initially incarcerated in SCDC in October 1992 and remained until May 1999 and his current incarceration began in May of 2003. In his Motion to Compel, Defendants assert that while Plaintiff restricted his Request to seek records from May 2003 until September 2019, he still requests his complete prison record for the entire time of his current incarceration which would be sixteen years worth of records. Defendants provided Plaintiff with a copy of his entire disciplinary history since 2003 which would address

the specific issue referenced in the motion.

As stated, Plaintiff asserts in his Motion to Compel that he seeks the requested sixteen years of records to "show that I have no assaultive history towards inmates or prison staff while in SCDC." This court finds Defendants response of providing Plaintiff with a copy of his entire disciplinary history a sufficient response to this Request.

**ECF No. 90**

In Plaintiff's Motion to Compel (ECF #90), Plaintiff seeks a copy of video footage from September 27, 2019, arguing that while he was allowed to view to view the footage, Defendant Palmer would not "allow him to view the entire video, he cut-out the footage of me being removed from the transport van, which is a crucial part of the video. It show that I was unconscious when I arrived at the institution due to heat exposure." In Defendants response to the motion, they assert that Plaintiff was allowed to view the entire video footage concerning the incident and that a copy of the entire was submitted to the Court with the Motion for Summary Judgment.

Based on the docket of this case, this Court did not receive a copy of the video footage with the Motion for Summary Judgment. Therefore, Defendants are directed to forward another copy of the full video footage with regard to this Request within fifteen days of the date of this order. Therefore, based on Defendants' response that

Plaintiff has reviewed the entire footage the motion is denied. However, the court will review the video footage and determine if it ended without videoing Plaintiff being removed from the transport van. If the footage reveals that this portion was recorded as asserted by Plaintiff, the court will direct that Plaintiff be allowed to view the entire video. Therefore, Plaintiff's Motion to Compel with regard to this request is denied in part and granted in part.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motions to Compel (ECF Nos. 77 and 90) are  granted in part and denied in part.

IT IS SO ORDERED.

S/Thomas E. Rogers, III

February 5, 2021
Florence, South Carolina

Thomas E. Rogers, III
United States Magistrate Judge