IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jimmy H. Causey, | ) | Case No.: 4:20-cv-01724-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| John Palmer, Kevin Borem, Brent Blakely, | ) | |
| Joseph Perks, Jonathan Thomas, Coata | ) | |
| Kimbrell, David Chandler, Travis Pressley, | ) | |
| Johnnie Mitchell, Tracy Howard, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States

Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in

accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South

Carolina.[1]  Plaintiff Jimmy H. Causey ("Causey" or "Plaintiff"), proceeding *pro se*, filed this

action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights because he was

subjected to unconstitutional conditions due to an excessive temperature in a van while being

transported on September 27, 2019, from Kirkland Correctional Institution ("KCI" or "Kirkland")

to Perry Correctional Institution ("PCI" or "Perry").  Plaintiff also claims that while he was semi-

conscious from heat exhaustion during the transport, Defendants Blakely, Borem, Chandler,

Kimbrell and Thomas carried him from the transport vehicle to the Restricted Housing Unit

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final
determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-
71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and
Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole
or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28
U.S.C. § 636(b)(1).

("RHU") at Perry, where they subjected him to excessive force by dropping him while restrained on the concrete pad at the RHU causing him injuries. (DE 134, p. 8.) On April 8, 2021, Defendants filed a Motion for Summary Judgment contending *inter alia* that Plaintiff's Complaint should be dismissed because his claims do not fall within the scope of 42 U.S.C. §1983, and if they did, the Defendants are entitled to qualified immunity because their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. (DE 127.) On April 9, 2021, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately to the motion. (DE 128.) Plaintiff filed a Response to Defendants' Motion for Summary Judgment on May 13, 2021 (DE 134), and Defendants replied on May 20, 2021. (DE 136.)

On September 21, 2021, the magistrate judge issued a Report and Recommendation, recommending that Defendants' Motion for Summary Judgment be granted as to Plaintiff's § 1983 claims against Defendants in their official capacities as they are not subject to suit for monetary damages under §1983. Moreover, the Report recommends summary judgment for Defendants Joseph Perks ("Perks") and Travis Pressley ("Pressley") because Plaintiff's Complaint fails to allege facts showing that they were personally involved in the purported deprivations. (DE 146, p. 24.) However, the Report recommends denying Defendants' Motion for Summary Judgment on Plaintiff's Eighth Amendment deliberate indifference claim against Tracy Howard ("Howard") and Johnnie Mitchell ("Mitchell") regarding Plaintiff's prison conditions, excessive temperature, no air flow claim, and denial as to Kevin Borem ("Borem"), Brent Blakeley ("Blakeley"), Jonathan

Thomas ("Thomas"), David Chandler ("Chandler"), John Palmer ("Palmer"), and Coata Kimbrell ("Kimbrell") for Plaintiff's excessive force claim because there are material facts in dispute.[2]

For the reasons set forth herein, the Court adopts the Report and Recommendation, in part, as it relates to the grant of Summary Judgment for Defendants. However, the Court modifies the Report consistent with this Order regarding Plaintiff's excessive temperature and excessive use of force claims and grants the Defendants' Motion for Summary judgment as discussed herein.

## **<u>BACKGROUND</u>**

A full recitation of Plaintiff's allegations is set forth in the Report, which the Court adopts consistent with this opinion and order. However, given the objections raised by Defendants and for the sake of brevity, the following summary of facts is sufficient for the matters addressed herein.

Plaintiff alleges that he was subjected to unconstitutional prison conditions when he was transported in a prison van from Kirkland Correctional Institution ("KCI") to Perry Correctional Institution ("PCI") on September 27, 2019, due to high temperatures and no air in the portion of the prison van where he was located. (DE 1.) Plaintiff and another other inmate being transported were both designated as Substantial Security Risk ("SSR") inmates based on their history.[3] Plaintiff was in the second portion of the prison transport van and alleges that he was unable to get

---

[2]       The Report also recommended that any outstanding motions be deemed moot. The Plaintiff did not object to the Report, which includes dismissal of his claim against Perks and Pressley.

[3]       Plaintiff has two prior escapes from SCDC. (DE 127-1, p.4.) The van being used to transport is "configured so that there is a middle seat in the van for one inmate and then a seat in the back of the van for another inmate. There is a metal grate between the officers and the middle seat area, and another metal grate between the middle seat and rear seat in the van. The inmate in the middle seat enters the van through the side door of the van. The back seat is turned so that it is facing toward the rear of the van and the inmate in the rear seat enters through the back doors of the van. The metal grate is not solid and allows for air to flow through." (DE 127-2 p. 1.)

air in the second portion of the van. (DE 134-1, p. 4.) In addition, the other inmate informed the officers that there was no air getting back to Plaintiff. Id.

Both Mitchell and Howard attest that they recall that it was a warm day on the day of the transport and that at some point after leaving Kirkland, they realized the air conditioning in the van was not working. (DE 127-2, p. 2.) The air conditioning was not working in the entire van, and it was warm in the entire van including the front of the van. (DE 127-2, p. 2.) There is no recollection of the Plaintiff or the other inmate complaining about the heat, but "it is possible they did." Id. Mitchell and Howard attest that even though it was warm in the van, it did not create any type of health risk or risk of potential harm. Id. Mitchell and Howard also attest that

> Because the inmates were SSR inmates, there was a chase vehicle following the van which was driven by a member of the Special Operations Response Team ("SORT"). We were in communication with the SORT officer driving the chase vehicle and he informed us that the Plaintiff had started kicking the van door. The van has a split door that opens in the middle to each side at the back of the van. The SORT officer driving the chase vehicle contacted someone at SCDC Headquarters about the situation. The SORT officer in the chase vehicle stated that he was activating his blue lights and would continue to follow us and that we were to increase our speed and get to Perry as quickly as possible. We were met in route by an individual with SCDC Police Services who activated his blue lights and led us the remainder of the way to Perry.

(DE 127-3 p. 2.)

Plaintiff also alleges that he endured excessive force when Defendants Blakely, Borem, Chandler, Kimbrell and Thomas carried him from the van and dropped him on the dirty concrete in a room on Z wing in the RHU, and nearly breaking his wrists while removing the restraints. (DE 134-1, p. 5.) Plaintiff alleges that Defendant Palmer, Deputy Warden for the RHU videoed the incident but did nothing to intercede. (DE 1, p. 14.) Plaintiff also alleges that Defendant Borem refused the nurse's request to get Plaintiff water because he was overheated. (DE 134-1, p. 5.) Later, Plaintiff claims that Defendant Borem opened the flap and sprayed pepper spray above Plaintiff's head but not directly on his skin, but the mist coated the walls, floor, and his body

and he was not given anything to wash it off.  (DE 134-1, p. 6.)  Plaintiff was not given any real property except for a dirty blanket the next day, and Officer Perks would not provide a better mattress.  Id.  Plaintiff purports to bring this suit against the Defendants in their official and individual capacities.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 56**

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law.  An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant."  Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted).  Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, must demonstrate specific, material facts that give rise to a genuine issue.  Celotex Corp., 477 U.S. at 323.  Under this standard, 'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient to withstand the summary judgment motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  "Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion."  Wai Man Tom, 980 F.3d at 1037.

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits."  Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Practice & Procedure § 2728 (3d ed. 1998)).  "The court may grant summary judgment only if it concludes that the

evidence could not permit a reasonable jury to return a favorable verdict. "Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted and alterations adopted). A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party. Id. at 659-60.

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "We noted Rule 56(e)'s provision that a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Although Defendants have filed an objection to the Report (DE 148), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate

judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Defendants make the following "objections" to portions of the Report, which the Court will discuss *seriatim*. First, Defendants claim the Plaintiff has failed to make showing for an Eighth Amendment denial of a humane condition of confinement due to the excessive temperatures and lack of air flow in the transport vehicle during his one hour and forty-five-minute transport from KCI to PCI. This Court agrees.

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, (citation omitted) prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes. Wilson v. Seiter, 501 U.S. 294, 296-97, 111 S. Ct. 2321, 2323 (1991). "[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016). The first prong is objective and requires that the deprivation be 'sufficiently serious[;]' the second requires us to determine whether subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Id. Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Helling v. McKinney, 509 U.S. 25, 36, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Moreover, the

court must view the conditions of which Plaintiff complains in their totality. See, e.g., Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991); Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). As for the second component of an Eighth Amendment claim "deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

"[T]he Constitution does not mandate comfortable prisons, however, and conditions that are 'restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society.'" Rhodes v. Chapman, 452 U.S. 337, 347, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." See Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation marks and citations omitted). "Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' (citation omitted); a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.]" Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor and viewing the facts in their totality, Plaintiff has not stated a claim under § 1983 for violation of the Eighth Amendment under his prison conditions excessive temperature-lack of air flow claim during his one hour and forty-five-minute transport. Plaintiff does not dispute his SSR inmate status, his previous attempts of escape, or Defendants use of the special transport van

because he was considered extremely high risk. Moreover, all parties agree that it was warm on the day of the transport and that at some point after leaving KCI, everyone realized the air conditioning in the van was not working and it was warm in the entire van including the front of the van. Although both SSR inmates complained about the conditions in the van, Plaintiff's affidavit does not allege that Defendants Mitchell and Howard's acts or omissions caused the temperature or air flow conditions or that they acted with a sufficiently culpable state of mind. In fact, Defendants Mitchell and Howard stated that they did not believe the temperature in the van created a risk of potential harm. (DE 127-2, p. 2.) Rather, the records shows when Plaintiff began to mitigate the situation by kicking the back van door, Defendants Mitchell and Howard increased their speed to hasten their arrival. (DE 127-2, p. 3.) "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' . . . 'only those deprivations denying the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992).[4] Plaintiff fails to make a showing to survive summary judgment that Defendants Howard and Mitchell caused a deprivation denying a minimal civilized measure of life's necessities or that they acted with a sufficiently culpable state of mind. Therefore, Plaintiff has failed to show a disregard for a substantial risk in violation of the Eight Amendment.

---

[4] Although not controlling, Plaintiff has not shown that he suffered a significant physical or emotional harm, resulting from the temporary lack of airflow or temperature conditions of his transport, or that the Defendants were deliberately indifferent to his physical condition during or after his transport. First everyone in the vehicle to include Howard and Mitchell expressed discomfort regarding temperature and conditions. Second, the record shows that Plaintiff was examined by a Jamie Russell ("Russell"), a Registered Nurse when he arrived at PCI. Russell attests that Plaintiff was alert and oriented and his respirations were unlabored and regular on room air and that his blood pressure, pulse, respiration rate, and pulse oximetry were all within normal limits. (DE 127-11, p. 1.)

Next, Defendants object to the Report's recommendation to deny summary judgment because there is a genuine issue of material fact in dispute regarding Plaintiff's excessive force claim. Again, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor and viewing the facts in their totality, Plaintiff alleges that he endured excessive force when he was carried out of the van by Defendants Blakely, Borem, Chandler, Kimbrell and Thomas and dropped on the dirty concrete in a room on Z wing in the RHU. "The Eighth Amendment forbids 'the unnecessary and wanton infliction of pain.'" Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). The Supreme Court in Hudson held "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 999 (1992).

Plaintiff concedes he "lost consciousness" and was non-responsive to Defendants' commands and, therefore, could not walk on his own, which necessitated the officers carrying him. (DE 134-1, p.5.) While there is a fact dispute regarding whether Plaintiff was *dropped* on the concrete floor at the RHU or if excessive force was used to take off his restraints (which the video evidence does not support), these facts alone taken as true do not support a claim that Defendants Blakely, Borem, Chandler, Kimbrell and Thomas' actions were malicious or sadistic to cause harm. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992). However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 1178 (2010). Here, Plaintiff's affidavit regarding Defendants Blakely, Borem, Chandler, Kimbrell and Thomas' conduct strikes

at a lack of care while carrying Plaintiff, not a malicious and sadistic use of force to cause harm. (DE 134-1, p. 5.)  "Deliberate indifference 'entails more than ordinary lack of due care for the prisoner's interests or safety,' and 'more than mere negligence,' but 'less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result.'"  Nelson v. Henthorn, 677 F. App'x 823, 826 (4th Cir. 2017).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992).  To survive summary judgment, Plaintiff must do more than rest on the allegations in his complaint, and the allegations in his affidavit does not show conduct repugnant to the conscience of mankind.  Rather, it shows a lack of care while carrying him in a semi-conscious state to his cell.  Therefore, Plaintiff's use of excessive force constitutional challenge against Defendants Blakely, Borem, Chandler, Kimbrell and Thomas along with Palmer must fail.[5]

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified herein and incorporates it by reference.

---

[5]    As to Plaintiff's final excessive force claim, Plaintiff claims that Defendant Borem opened the flap and sprayed pepper spray above Plaintiff's head, not directly on his skin, but the mist coated the walls, floor, and Plaintiff's body, and he was not given anything to wash it off.  (DE 134-1, p. 6.)  Defendant Borem denies this event occurred.  "Accordingly, although it is not per se unconstitutional for guards to spray mace at prisoners confined in their cells, it is necessary to examine the 'totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determine the validity of the use of tear gas in the prison environment.'"  Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996). Therefore, summary judgment is not proper on this issue.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment be granted as to Plaintiff's § 1983 claims against Defendants in their official capacities as they are not subject to suit for monetary damages under §1983.

**IT IS FURTHER ORDERED** that Summary Judgment be granted for Defendants Perks and Pressley because Plaintiff's Complaint fails to allege facts showing that they were personally involved in the purported deprivations.

**AND IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Eighth Amendment deliberate indifference claim against Howard and Mitchell regarding Plaintiff's conditions of his transport, and as to Borem, Blakeley, Thomas, Chandler, Palmer, and Kimbrell regarding Plaintiff's excessive force claim is granted; therefore, Plaintiff's case is dismissed against all Defendants[6] except Defendant Borem as provided in footnote 5.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 15, 2021

---

[6] The Report also recommends Summary Judgment for Burnell, Cotter, Perks, and Russell because they have qualified immunity. However, these individuals do not appear to be Defendants in this action except Perks. Nevertheless, to the extent they are parties, Plaintiff's claims against them are dismissed. In addition, given the Court's ruling that summary judgment is appropriate on Plaintiff's transport conditions and excessive use of force claims (excepting the use of pepper spray by Defendant Borem), the Court equally finds that Defendants Howard, Mitchell, Borem, Blakeley, Thomas, Chandler, Palmer, and Kimbrell are entitled to qualified immunity regarding Plaintiff's claims because their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994).